IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Sirmont Davis and Gail Cooks**, | ) | FILED: AUGUST 20, 2008 |
| | ) | 08CV4724 |
| Plaintiffs, | ) | JUDGE KENDALL |
| vs. | ) Case No. | MAGISTRATE JUDGE DENLOW |
| | ) | RP |
| **City of Chicago**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

NOTICE OF REMOVAL

Defendant City of Chicago by one of its attorneys, Naomi Avendano, Deputy Corporation Counsel of the City of Chicago, respectfully removes the above entitled action to this Court, pursuant to 28 U.S.C. §1441(b) and (c), §1446, and on the following grounds:

1. Defendant City of Chicago was named as a defendant in an Amended Complaint adding federal claims that was filed on July 25, 2008, in the Circuit Court of Cook County of the State of Illinois, case number 06 L 24, entitled Sirmont Davis, et al. v. City of Chicago, et al..

2. The complaint were served upon the City of Chicago on or about July 28, 2008. Andrew Kroll, Juan Ortiz and Michael A. Tantilla  have not yet been served but upon information and belief they will not oppose the removal.  See First Amended Complaint at Law attached hereto as Exhibit A.

3. Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 and Illinois common law. Plaintiffs allege that the City of Chicago failed to properly train and supervise its employees, that defendant officers used excessive force, and that officers failed to intervene to prevent the alleged violation of plaintiffs' civil rights under the United States Constitution and their rights under Illinois law.

4.  Defendants are entitled to remove this action to this court, pursuant to 28 U.S.C. §1441(b) and (c).

5.  It appears from the face of plaintiffs' complaint that this is, primarily, a civil rights action which arises under the United States Constitution and involves federal questions. Plaintiffs' complaint alleges, among other things, that the defendants violated the rights of the plaintiffs as guaranteed by the United States Constitution.

WHEREFORE, defendant City of Chicago respectfully requests that the above-entitled action now pending in the Circuit Court of Cook County in the State of Illinois, case number 06 L 24, be removed therefrom to this Court.

Respectfully submitted,

/s/ Naomi Avendano
Naomi Avendano
Assistant Corporation Counsel

30 N. LaSalle St., Suite 1400
Chicago, IL  60602
(312) 742-7880
Atty. No. 06203689

FILED

08CV4724
JUDGE KENDALL
MAGISTRATE JUDGE DENLOW

Attorney No. 43736

2008 JUL 25 PM 2: 27

STATE OF ILLINOIS    )
                       ) SS

COUNTY OF COOK    )

CIRCUIT COURT OF COOK
COUNTY ILLINOIS
LAW DIVISION

CLERK

PH

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

SIRMONT DAVIS and GAYLE COOKS,   )
                                          )

          Plaintiffs,      )
                                          )

          vs.              )    Case No. 06 L 000024

                                          )

CITY OF CHICAGO, a municipal   )
corporation and SIXTEEN UNKNOWN   )
CHICAGO POLICE OFFICERS,      )

                                          )

          Defendants.      )

## FIRST AMENDED COMPLAINT AT LAW

Plaintiffs, SIRMONT DAVIS and GAYLE COOKS, by their attorneys, Muslin &

Sandberg, through Craig M. Sandberg, complain of the defendant as follows:

### A. Introduction

1.     SIRMONT DAVIS was a young man, who was injured and arrested by

employees and/or agents of the CITY OF CHICAGO police department on January 4, 2004.

GAYLE COOKS, mother of Sirmont Davis, was injured when her home was broken into and

damaged by employees and/or agents of the CITY OF CHICAGO police department on January

4, 2004. This is a civil rights and personal injury action seeking monetary damages on behalf of

SIRMONT DAVIS and GAYLE COOKS.

## B. Parties

2.      Plaintiff, SIRMONT DAVIS, is a resident of Cook County, State of Illinois. On January 4, 2005, SIRMONT DAVIS resided on the second floor at 5439 West Iowa Street, in the City of Chicago, and State of Illinois.

3.      Plaintiff, GAYLE COOKS, is a resident of Cook County, State of Illinois. On January 4, 2005, GAYLE COOKS resided on the second floor at 5439 West Iowa Street, in the City of Chicago, and State of Illinois

4.      Defendant CITY OF CHICAGO is a municipal corporation with its principal place of business located at City Hall, 121 N. LaSalle Street, City and County of Cook, Illinois.

5.      At the time of the alleged incident and at all times pertinent hereto, various Chicago Police Department officers including, but not limited to, Andrew Kroll, Michael Tantilla, and Juan Ortiz acted under color of law, of a statute, ordinance, regulation, custom, or usage.

## C. Jurisdiction

6.      The court has jurisdiction over the lawsuit because the action arises under state law.

## D. Venue

7.      Venue is proper in the Circuit Court of Cook County, Illinois because a substantial part of the events or omissions giving rise to this claim occurred in this county.

## E. Facts

8.      Plaintiff alleges that various Chicago Police Department officers including, but not limited to, Andrew Kroll, Michael Tantilla, and Juan Ortiz injured SIRMONT DAVIS and GAYLE COOKS at 5439 West Iowa Street, in the City of Chicago, County of Cook, and State of

Illinois at approximately 10:00 p.m.

9.      At all times alleged herein, the CITY OF CHICAGO was a municipal corporation existing under and by virtue of the laws of the State of Illinois and providing certain services, specifically police protection and patrol services.

10.     On and before January 4, 2005, the defendant, CITY OF CHICAGO, employed various personnel that acted as its actual agents and/or employees relative to an event at 5439 West Iowa Street, in the City of Chicago, and State of Illinois on January 4, 2005.

11.     On and before January 4, 2005, the defendant, CITY OF CHICAGO, employed various personnel that acted as its apparent agents and/or employees relative to an event at 5439 West Iowa Street, in the City of Chicago, and State of Illinois on January 4, 2005.

12.     On and before January 4, 2005, and at all times material, the employees and/or agents of the CITY OF CHICAGO were acting within the course and scope of its agency and/or employment with CITY OF CHICAGO relative to an event at 5439 West Iowa Street, in the City of Chicago, and State of Illinois on January 4, 2005.

13.     On and before January 4, 2005, and at all times material, Andrew Kroll (Star No. 14373) was a patrol officer with the Chicago Police Department. Officer Kroll was appointed December 2, 2002.

14.     On and before January 4, 200504, and at all times material, Andrew Kroll acted as the actual agent of the CITY OF CHICAGO.

15.     On and before January 4, 2005, and at all times material, Andrew Kroll acted as the apparent agent of the CITY OF CHICAGO.

16.    On and before January 4, 2005, and at all times material, Andrew Kroll was acting within the course and scope of his agency and/or employment with the CITY OF CHICAGO and was acting under color of state law.

17.    On and before January 4, 2005, and at all times material, Michael A. Tantilla (Star No. 2301) was a sergeant with the Chicago Police Department.

18.    On and before January 4, 2005, and at all times material, Michael A. Tantilla acted as the actual agent of the CITY OF CHICAGO.

19.    On and before January 4, 2005, and at all times material, Michael A. Tantilla acted as the apparent agent of the CITY OF CHICAGO.

20.    On and before January 4, 2005, and at all times material, Michael A. Tantilla was acting within the course and scope of his agency and/or employment with the CITY OF CHICAGO and was acting under color of state law.

21.    On and before January 4, 2005, and at all times material, Juan Ortiz (Star No. 719) was a lieutenant with the Chicago Police Department.

22.    On and before January 4, 2005, and at all times material, Juan Ortiz acted as the actual agent of the CITY OF CHICAGO.

23.    On and before January 4, 2005, and at all times material, Juan Ortiz acted as the apparent agent of the CITY OF CHICAGO.

24.    On and before January 4, 2005, and at all times material, Juan Ortiz was acting within the course and scope of his agency and/or employment with the CITY OF CHICAGO and was acting under color of state law.

25.    On or about October 1, 2004, SIRMONT DAVIS underwent surgery for bilateral comminuted tibia fractures, which resulted in internal fixation, namely, intramedullary rods in both legs.

26.    Between October 1, 2004 and January 4, 2005, SIRMONT DAVIS was unable to independently ambulate on his legs due to the injury to his legs and the fact that he was in the process of recovering from that surgery.

27.    On January 4, 2005, at approximately 10:00 p.m., at 5439 West Iowa Street in the City of Chicago, SIRMONT DAVIS became aware that a CITY OF CHICAGO police officer, namely, Andrew Kroll, was issuing a parking ticket for SIRMONT DAVIS' recently-purchased 1986 Oldsmobile Cutlass, which was in the driveway at the aforementioned address.

28.    Thereafter, SIRMONT DAVIS and his 13-year old brother, Charles, came down the stairs from their second-floor residence to find what Officer Kroll was doing. In order to come down the stairs, SIRMONT DAVIS "scooted" down the stairs and then came outside with the assistance of Charles.

29.    By the time SIRMONT DAVIS and Charles came outside, Officer Kroll was sitting inside his idling CITY OF CHICAGO police department patrol vehicle.

30.    Thereafter, SIRMONT DAVIS tore the ticket and dropped the pieces to the ground in front of Officer Kroll, who had gotten out of his vehicle to, apparently, harass SIRMONT DAVIS.

31.    Thereafter, SIRMONT DAVIS called Officer Kroll a "rookie" and, in response, Officer Kroll got on his two-way radio and called for back-up officers.

32.     Thereafter, SIRMONT DAVIS and Charles went back into 5439 West Iowa Street. In order to get up the stairs, Charles and Samuel Burnett placed SIRMONT DAVIS in a wheelchair and brought the chair up the stairs to residence on the second floor.

33.     Thereafter, SIRMONT DAVIS, GAYLE COOKS, and multiple other individuals were within the residence at 5439 West Iowa, Chicago, Illinois at approximately 10:00 p.m.

34.     That at the said time and place, no one including, but not limited to, either SIRMONT DAVIS or GAYLE COOKS, was violating any City, State or Federal laws.

35.     Thereafter, various police officers of the CITY OF CHICAGO including, but not limited to, Andrew Kroll and officers from beat No. 1550 entered the residence of SIRMONT DAVIS and GAYLE COOKS with the use of force including, but not limited to, breaking a window and entering into a bedroom through that window and kicking in doors.

36.     After forcing entry into the plaintiff's residence, various police officers of the CITY OF CHICAGO including, but not limited to, Andrew Kroll and officers from beat No. 1550 walked throughout the residence with their flashlights on and their guns drawn.

37.     An unidentified police officer of the CITY OF CHICAGO located SIRMONT DAVIS, put a gun in his face, and said "I should fucking shoot you."

38.     Thereafter, an unidentified police officer of the CITY OF CHICAGO started stepping on and jumping on SIRMONT DAVIS' legs before, during, and after SIRMONT DAVIS told them that his legs were had been broken. An unidentified police officer of the CITY OF CHICAGO told SIRMONT DAVIS that he "don't give a fuck about [his] legs." Concurrently, various police officers of the CITY OF CHICAGO including Officer Kroll were punching SIRMONT DAVIS' face and hitting him in the head with their hands and/or feet. One officer intentionally put his hand inside SIRMONT DAVIS' mouth causing injury to his mouth.

39.    Thereafter, various police officers of the CITY OF CHICAGO threatened everyone in the house that the police would take everyone to jail.

40.    Thereafter, various police officers of the CITY OF CHICAGO dragged SIRMONT DAVIS down the stairs, slammed him down onto the ground, continued to strike him about the body, handcuffed him, and took him to the police station (where the physical attacks on his person finally concluded).

41.    At all relevant times, inside the house were between ten (10) and twenty (20) CITY OF CHICAGO police officers inside the residence on the second floor at 5439 West Iowa Street

42.    That at no time did any of these officers display a warrant for said search or did the officers display a warrant for the arrest of SIRMONT DAVIS, GAYLE COOKS, or anyone else in the residence.

43.    That during this search the following members of the Cooks' family were abused both physically and mentally and held against their will by force by the CITY OF CHICAGO, through its agents, namely, various known and unknown Chicago Police Department officers including, but not limited to, Andrew Kroll.

1) Sirmont Davis
2) Gayle Cooks
3) Samuel Burnett
4) Charles Harris (age 13)
5) Carrie Cooks (age 15)
6) Shakira Gray (age 15)
7) Carevelle Burnett (age 16)
8) Caroline Gray (14 weeks)
9) Simont Davis, Jr. (1-year old)
10) Dominique Pelec (age 9)
11) And various other members of the Davis'/Cooks' family

44.    That various known and unknown police officers of the CITY OF CHICAGO

destroyed property in and around the residence of SIRMONT DAVIS and/or GAYLE COOKS without authority or provocation.

45. That at all times SIRMONT DAVIS or GAYLE COOKS were exercising due care and caution for their safety and following the laws of the State of Illinois.

46. At all times relevant herein, the CITY OF CHICAGO had certain policies and procedures that were in full force and effect including, but not limited to, the following:

a. Chicago Police Department General Order, 02-08-05, "Incidents Requiring the Completion of a Tactical Response Report"; and/or
b. Chicago Police Department General Order, 07-09, "Officer's Battery Reporting Procedures"; and/or
c. Chicago Police Department General Order, 02-08, "Use of Force Guidelines"; and/or
d. Chicago Police Department General Order, 02-08-02, "Force Options"; and/or
e. Chicago Police Department Special Order, 07-06-03, "Municipal Ordinance Search Warrant Approval Method"; and/or
f. Chicago Police Department General Order, 02-03-10, "Arrest Report and Related Documents"; and/or
g. Chicago Police Department General Order, 02-03-01, "Field Arrest Procedures"; and/or
h. Chicago Police Department General Order, 02-08-01A, "The Use of Force Model"; and/or
i. Chicago Police Department General Order, 02-06, "Restraining Arrestees".

47. Thereafter, SIRMONT DAVIS was charged with violation of 225 ILCS 740/13 (Resisting/Obstructing and Officer), 720 ILCS 5/12-2 (Aggravated Assault), and 720 ILCS 5/12-3 (Battery). Those charges were dropped on June 22, 2005 following multiple continuances by the prosecution due to Officer Kroll's failure to appear.

### Count I
### (Willful and Wanton – City of Chicago)
### (Sirmont Davis)

48. At the aforesaid place and time, the CITY OF CHICAGO, by its agents and employees, was under a duty to avoid willful and wanton misconduct while conducting police activities.

49.    Moreover, at the aforesaid time and place, the CITY OF CHICAGO, by its agents and employees, was under a duty to comply with and conduct itself in accordance with accepted and established police procedures and policies and Chicago Police Department General and Special Orders.

50.    Notwithstanding these duties, the CITY OF CHICAGO, by its agents and employees, violated accepted and established police procedures and policies and Chicago Police Department General and Special Orders and was then and there guilty of one or more of the following acts and/or omissions:

(a) Willfully and wantonly assaulted the plaintiff, SIRMONT DAVIS, a law abiding citizen, without probable cause and lawful justification; and/or
(b) Willfully and wantonly failed to restrain their actions when they knew or should have known that the use of force would cause substantial injury to the plaintiff, SIRMONT DAVIS; and/or
(c) Willfully and wantonly broke down the door of the residence of SIRMONT DAVIS without a warrant or justification and entering the residence thereafter; and/or
(d) Willfully and wantonly ransacked the apartment and breaking the furniture and personal belongings of the plaintiffs; and/or
(e) Willfully and wantonly restrained the liberty of SIRMONT DAVIS without lawful justification; and/or
(f) Willfully and wantonly falsely arrested SIRMONT DAVIS without cause; and/or
(g) Were otherwise willful and wanton.

51.    That the aforesaid acts were committed with reckless disregard for the safety of others and constituted willful and wanton conduct.

52.    As described in the preceding paragraphs, the conduct of Officer Andrew Kroll and one or more of the Defendant Unknown CITY OF CHICAGO Police Officers, acting under color of law and within the scope of his employment, constituted unjustified and offensive physical contact and/or apprehensive of immediate bodily harm, undertaken willfully and wantonly, proximately causing injury to SIRMONT DAVIS.

53.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights and safety of others.

54.    As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions, namely, offensive contact and/or apprehension of bodily harm, SIRMONT DAVIS suffered injuries on January 4, 2005.

55.    The misconduct described in this Count was undertaken by Officer Andrew Kroll and one or more of the Defendant Unknown CITY OF CHICAGO Police Officers within the scope of their employment and under color such that his employer, CITY OF CHICAGO, is liable for their actions.

56.    As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions by the CITY OF CHICAGO, by its agents and employees, SIRMONT DAVIS sustained severe and permanent injuries, in mind, body, and/or personal property.

57.    As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions by the CITY OF CHICAGO, by its agents and employees, the constitutional rights of SIRMONT DAVIS were deprived.

**WHEREFORE** the plaintiff, SIRMONT DAVIS, prays that this Court enter judgment in his favor and against the defendant, CITY OF CHICAGO, awarding compensatory damages in excess of this Court's Fifty Thousand Dollar ($50,000.00) jurisdictional amount and attorneys' fees, as well as any other relief this Court deems just and appropriate.

## Count II
### (Violation of Civil Rights – City of Chicago)
### (Sirmont Davis)

1-47.    Plaintiffs repeat, reallege, and incorporate paragraphs one (1) through forty-seven (47) with the same force and effect as though fully set forth herein.

48.    At the aforesaid place and time, the CITY OF CHICAGO, by its agents and employees, was under a duty to avoid willful and wanton misconduct while conducting police activities.

49.    Moreover, at the aforesaid time and place, the CITY OF CHICAGO, by its agents and employees, was under a duty to comply with and conduct itself in accordance with accepted and established police procedures and policies and Chicago Police Department General and Special Orders.

50.    Notwithstanding these duties, the CITY OF CHICAGO, by its agents and employees, violated accepted and established police procedures and policies and Chicago Police Department General and Special Orders and was then and there guilty of one or more of the following acts and/or omissions:

    (a) Willfully and wantonly assaulted the plaintiff, SIRMONT DAVIS, a law abiding citizen, without probable cause and lawful justification; and/or

    (b) Willfully and wantonly failed to restrain their actions when they knew or should have known that the use of force would cause substantial injury to the plaintiff, SIRMONT DAVIS; and/or

    (c) Willfully and wantonly broke down the door of the residence of SIRMONT DAVIS without a warrant or justification and entering the residence thereafter; and/or

    (d) Willfully and wantonly ransacked the apartment and breaking the furniture and personal belongings of the plaintiffs; and/or

    (e) Willfully and wantonly restrained the liberty of SIRMONT DAVIS without lawful justification; and/or

    (f) Willfully and wantonly falsely arrested SIRMONT DAVIS without cause; and/or

    (g) Were otherwise willful and wanton.

51.    That the aforesaid acts were committed with reckless disregard for the safety of

others and constituted willful and wanton conduct.

52.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to SIRMONT DAVIS' constitutional rights.

53.    As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions by the CITY OF CHICAGO, by its agents and employees, SIRMONT DAVIS sustained severe and permanent injuries, in mind, body, and/or personal property.

54.    As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions by the CITY OF CHICAGO, by its agents and employees, the constitutional rights of SIRMONT DAVIS and GAYLE COOKS were deprived.

**WHEREFORE** the plaintiff, SIRMONT DAVIS, prays that this Court enter judgment in his favor and against the defendant, CITY OF CHICAGO, awarding compensatory damages in excess of this Court's Fifty Thousand Dollar ($50,000.00) jurisdictional amount and attorneys' fees, as well as any other relief this Court deems just and appropriate.

### Count III
### (Willful and Wanton – City of Chicago)
### (Gayle Cooks)

1-47.    Plaintiffs repeat, reallege, and incorporate paragraphs one (1) through forty-seven (47) with the same force and effect as though fully set forth herein.

48.    At the aforesaid place and time, the CITY OF CHICAGO, by its agents and employees, was under a duty to avoid willful and wanton misconduct while conducting police activities.

49.     Moreover, at the aforesaid time and place, the CITY OF CHICAGO, by its agents and employees, was under a duty to comply with and conduct itself in accordance with accepted and established police procedures and policies and Chicago Police Department General and Special Orders.

50.     Notwithstanding these duties, the CITY OF CHICAGO, by its agents and employees, violated accepted and established police procedures and policies and Chicago Police Department General and Special Orders and was then and there guilty of one or more of the following acts and/or omissions:

    (a) Willfully and wantonly failed to restrain their actions when they knew or should have known that the use of force would cause substantial injury to the plaintiff, GAYLE COOKS; and/or

    (b) Willfully and wantonly broke down the door of the residence of GAYLE COOKS without a warrant or justification and entering the residence thereafter; and/or

    (c) Willfully and wantonly ransacked the apartment and breaking the furniture and personal belongings of the plaintiffs; and/or

    (d) Willfully and wantonly restrained the liberty of GAYLE COOKS without lawful justification; and/or

    (e) Were otherwise willful and wanton.

51.     That the aforesaid acts were committed with reckless disregard for the safety of others and constituted willful and wanton conduct.

52.     As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions by the CITY OF CHICAGO, by its agents and employees, GAYLE COOKS sustained severe and permanent injuries, in mind, body, and/or personal property.

53.     As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions by the CITY OF CHICAGO, by its agents and employees, the constitutional rights of GAYLE COOKS were deprived.

**WHEREFORE** the plaintiff, GAYLE COOKS, prays that this Court enter judgment in her favor and against the defendant, CITY OF CHICAGO, awarding compensatory damages in excess of this Court's Fifty Thousand Dollar ($50,000.00) jurisdictional amount and attorneys' fees, as well as any other relief this Court deems just and appropriate.

<u>**Count IV**</u>
**(Violation of Civil Rights – City of Chicago)**
**(Gayle Cooks)**

1-47.    Plaintiffs repeat, reallege, and incorporate paragraphs one (1) through forty-seven (47) with the same force and effect as though fully set forth herein.

48.    At the aforesaid place and time, the CITY OF CHICAGO, by its agents and employees, was under a duty to avoid willful and wanton misconduct while conducting police activities.

49.    Moreover, at the aforesaid time and place, the CITY OF CHICAGO, by its agents and employees, was under a duty to comply with and conduct itself in accordance with accepted and established police procedures and policies and Chicago Police Department General and Special Orders.

50.    Notwithstanding these duties, the CITY OF CHICAGO, by its agents and employees, violated accepted and established police procedures and policies and Chicago Police Department General and Special Orders and was then and there guilty of one or more of the following acts and/or omissions:

    (a) Willfully and wantonly failed to restrain their actions when they knew or should have known that the use of force would cause substantial injury to the plaintiff, GAYLE COOKS; and/or

    (b) Willfully and wantonly broke down the door of the residence of GAYLE COOKS without a warrant or justification and entering the residence thereafter; and/or

    (c) Willfully and wantonly ransacked the apartment and breaking the furniture and

personal belongings of the plaintiffs; and/or

(d) Willfully and wantonly restrained the liberty of GAYLE COOKS without lawful justification; and/or

(e) Were otherwise willful and wanton.

51.     That the aforesaid acts were committed with reckless disregard for the safety of others and constituted willful and wanton conduct.

52.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to GAYLE COOKS' constitutional rights.

53.     As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions by the CITY OF CHICAGO, by its agents and employees, GAYLE COOKS sustained severe and permanent injuries, in mind, body, and/or personal property.

54.     As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions by the CITY OF CHICAGO, by its agents and employees, the constitutional rights of GAYLE COOKS were deprived.

**WHEREFORE** the plaintiff, GAYLE COOKS, prays that this Court enter judgment in her favor and against the defendant, CITY OF CHICAGO, awarding compensatory damages in excess of this Court's Fifty Thousand Dollar ($50,000.00) jurisdictional amount and attorneys' fees, as well as any other relief this Court deems just and appropriate.

### Count V
### (Malicious Prosecution – City of Chicago)
### (Sirmont Davis)

55.     All of Paragraphs in this Complaint are incorporated by reference as though fully set forth herein.

56.     At the aforesaid place and time, the CITY OF CHICAGO, by its agents and employees, was under a duty to avoid willful and wanton misconduct while conducting police activities.

57.     The aforementioned charges that were filed against SIRMONT DAVIS were instituted the underlying suit without probable cause and with malice.

58.     The aforementioned charges that were filed against SIRMONT DAVIS were terminated in the plaintiff's favor.

59.     As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions by the CITY OF CHICAGO, by its agents and employees, SIRMONT DAVIS suffered a special injury beyond the usual expense, time or annoyance in defending the underlying action.

**WHEREFORE** the plaintiff, SIRMONT DAVIS, prays that this Court enter judgment in their favor and against the defendant, CITY OF CHICAGO, awarding compensatory damages in excess of this Court's Fifty Thousand Dollar ($50,000.00) jurisdictional amount and attorneys' fees, as well as any other relief this Court deems just and appropriate.

## Count VI
### (Violation of Civil Rights – Failure to Properly Train and Supervise – 42 U.S.C. § 1983 City of Chicago)
### (Sirmont Davis and Gayle Cooks)

60.     All of Paragraphs in this Complaint are incorporated by reference as though fully set forth herein.

61.     At all times, relevant, the CITY OF CHICAGO, by and through its agents and/or employees, failed to train and/or failed to adhere to the requisite training and supervision regarding individuals, such as SIRMONT DAVIS and GAYLE COOKS.

62.     In failing to train and/or failing to adhere to the requisite training regarding handling and/or dealing with individuals, the conduct of the CITY OF CHICAGO, by and through its agents and/or employees, described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to the constitutional rights of SIRMONT DAVIS and GAYLE COOKS.

63.     The actions of the CITY OF CHICAGO, by and through its agents and/or employees, set forth above were so arbitrary as to shock the conscience, and were undertaken intentionally, with malice and reckless indifference to the constitutional rights of SIRMONT DAVIS and GAYLE COOKS.

64.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to the constitutional rights of SIRMONT DAVIS and GAYLE COOKS.

65.     The misconduct described in this Count was undertaken by the CITY OF CHICAGO, by and through its agents and/or employees, within the scope of their employment and under color of law such that his employer is liable for their actions.

66.     As a result of the aforementioned conduct, SIRMONT DAVIS and GAYLE COOKS suffered injuries on January 4, 2005.

**WHEREFORE** the plaintiffs, SIRMONT DAVIS and GAYLE COOKS, pray that this Court enter judgment in their favor and against the defendant, CITY OF CHICAGO, awarding compensatory damages in excess of this Court's Fifty Thousand Dollar ($50,000.00) jurisdictional amount and attorneys' fees, as well as any other relief this Court deems just and appropriate.

**Count VII**
**(City of Chicago – Excessive Force – 42 U.S.C. § 1983)**
**(Sirmont Davis and Gayle Cooks)**

67.     All of Paragraphs in this Complaint are incorporated by reference as though fully set forth herein.

68.     As described in the preceding paragraphs, the conduct of Officer Andrew Kroll and one or more of the Defendant Unknown City of Chicago Officers toward SIRMONT DAVIS and GAYLE COOKS constituted excessive force in violation of the United States Constitution.

69.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to the constitutional rights of SIRMONT DAVIS and GAYLE COOKS.

70.     The misconduct in this Count was undertaken pursuant to the policy and practice of the CITY OF CHICAGO Police Department in that:

    a. As a matter of both policy and practice, the CITY OF CHICAGO Police Department directly encourages, and is thereby the moving force behind, the vary type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the CITY OF CHICAGO Police Department facilitates the very type of misconduct at issue her by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading CITY OF CHICAGO Police Officers to believe their actions will never be scrutinized and, in that ways, directly encouraging future abuses such as those affecting SIRMONT DAVIS and GAYLE COOKS; specifically, CITY OF CHICAGO Police Officers accused of misconduct can be confident that the Office of Professional Standards will not investigate those accusations in earnest and will refuse to recommend discipline even where the officer has engaged in excessive force;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the CITY OF CHICAGO Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the CITY OF CHICAGO Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the CITY OF CHICAGO Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

e. The CITY OF CHICAGO has failed to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injures alleged here;

f. As a matter of express policy, the CITY OF CHICAGO refuses to take into consideration patterns of allegations of civil rights violations when evaluation the merits of any particular complaint. In other words, if a police officer is accused of the same sort of misconduct twenty times in a row, the Office of Professional Standards ("O.P.S.") is forbidden by the City from considering those allegations if they are deemed unsustained; and

g. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains a very small portion of the complaints brought against police officers for violations of civil rights.

71. As a result of the unjustified and excessive use of force by Officer Andrew Kroll and one or more of the Defendant Unknown CITY OF CHICAGO Police Officers, as well as the City's policy and practice, SIRMONT DAVIS and GAYLE COOKS suffered injuries on January 4, 2005.

72. The misconduct described in this Count was undertaken by Officer Andrew Kroll and one or more of the Defendant Unknown CITY OF CHICAGO Police Officers within the scope of his employment and under color of law such that his employer, CITY OF CHICAGO, is liable for their actions.

**WHEREFORE** the plaintiffs, SIRMONT DAVIS and GAYLE COOKS, prays that this Court enter judgment in their favor and against the defendant, CITY OF CHICAGO, awarding compensatory damages in excess of this Court's Fifty Thousand Dollar ($50,000.00) jurisdictional amount and attorneys' fees, as well as any other relief this Court deems just and appropriate.

**Count VIII**
**(City of Chicago – Excessive Force – 42 U.S.C. § 1983 – 4th Amendment)**
**(Sirmont Davis and Gayle Cooks)**

73.     All of Paragraphs in this Complaint are incorporated by reference as though fully set forth herein.

74.     In the manner described more fully above, Officer Andrew Kroll and one or more of the Defendant Unknown CITY OF CHICAGO Police Officers deprived SIRMONT DAVIS and GAYLE COOKS of life, liberty and/or property with due process of law in violation of the Fourteenth Amendment to the United States Constitution.

75.     The actions of Officer Andrew Kroll and one or more of the Defendant Unknown CITY OF CHICAGO Police Officers set forth above were so arbitrary as to shock the conscience, and were undertaken intentionally, with malice and reckless indifference to the constitutional rights of SIRMONT DAVIS and GAYLE COOKS.

76.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the CITY OF CHICAGO Police Department in the manner described in preceding paragraphs.

77.     As a result of the above-described wrongful conduct, as well as the CITY OF CHICAGO's policy and practice, SIRMONT DAVIS and GAYLE COOKS suffered injuries which resulted on January 4, 2005.

78.     The misconduct described in this Count was under taken by Officer Andrew Kroll and one or more of the Defendant Unknown CITY OF CHICAGO Police Officers within the scope of their employment and under color of law such that his employer, CITY OF CHICAGO, is liable for his actions.

**WHEREFORE** the plaintiffs, SIRMONT DAVIS and GAYLE COOKS, prays that this Court enter judgment in their favor and against the defendant, CITY OF CHICAGO, awarding compensatory damages in excess of this Court's Fifty Thousand Dollar ($50,000.00) jurisdictional amount and attorneys' fees, as well as any other relief this Court deems just and appropriate.

## Count IX
### (City of Chicago – Failure to Intervene – 42 U.S.C. § 1983 – 4th Amendment)
### (Sirmont Davis and Gayle Cooks)

79.    All of Paragraphs in this Complaint are incorporated by reference as though fully set forth herein.

80.    One or more of the Defendant Unknown CITY OF CHICAGO Police Officers had a reasonable opportunity to prevent the violation of SIRMONT DAVIS and GAYLE COOK's constitutional rights as set forth above had he been so inclined, but failed to do so.

81.    As a result of the Defendant Unknown CITY OF CHICAGO Police Officers' failure to intervene, SIRMONT DAVIS and GAYLE COOK suffered injuries on January 4, 2005.

82.    The Defendant Unknown CITY OF CHICAGO Police Officers' actions were undertaken intentionally, with malice and reckless indifference to the constitutional rights of SIRMONT DAVIS and GAYLE COOKS.

83.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the SIRMONT DAVIS and GAYLE COOK Police Department in the manner described more fully above.

84.    The misconduct described in this Count was undertaken by one or more of the Defendant Unknown SIRMONT DAVIS and GAYLE COOK Police Officers within the scope of his employment and under color of law such that his employer, SIRMONT DAVIS and GAYLE COOK, is liable for his actions.

**WHEREFORE** the plaintiffs, SIRMONT DAVIS and GAYLE COOKS, prays that this Court enter judgment in their favor and against the defendant, CITY OF CHICAGO, awarding compensatory damages in excess of this Court's Fifty Thousand Dollar ($50,000.00) jurisdictional amount and attorneys' fees, as well as any other relief this Court deems just and appropriate.

**Count X**
**State Law – *Respondeat Superior***
**(Sirmont Davis and Gayle Cooks)**

85.    All of Paragraphs in this Complaint are incorporated by reference as though fully set forth herein.

86.    In committing the acts alleged in the preceding paragraphs, the defendants were members and/or agents of the governmental entities acting at all relevant times within the scope of their employment.

87.    The governmental entities are liable as principal for all torts committed by its agents.

**WHEREFORE** the plaintiffs, SIRMONT DAVIS and GAYLE COOKS, prays that this Court enter judgment in their favor and against the defendant, CITY OF CHICAGO, awarding compensatory damages in excess of this Court's Fifty Thousand Dollar ($50,000.00) jurisdictional amount and attorneys' fees, as well as any other relief this Court deems just and appropriate.

### Count XI
### State Law – Indemnification

88.     All of Paragraphs in this Complaint are incorporated by reference as though fully set forth herein.

89.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

90.     The individuals identified in the foregoing paragraphs are or were employees of the defendant entities, who acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE** the plaintiffs, SIRMONT DAVIS and GAYLE COOKS, prays that this Court enter judgment in their favor and against the defendant, CITY OF CHICAGO, awarding compensatory damages in excess of this Court's Fifty Thousand Dollar ($50,000.00) jurisdictional amount and attorneys' fees, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs, SIRMONT DAVIS and GAYLE COOKS, assert their rights under the Article

I, Section 13 of the Illinois Constitution and demands, in accordance with Section 5/2-1105 of

Illinois Code of Civil Procedure, a trial by jury on all issues.


Respectfully submitted,

MUSLIN & SANDBERG

By:

CRAIG M. SANDBERG
19 S. LaSalle Street, Suite 700
Chicago, Illinois 60603
(312) 263-7249
Attorney No. 43736

## SERVICE LIST
**Sirmont Davis and Gayle Cooks v. City of Chicago, a Municipal Corporation and Sixteen Unknown Chicago Police Officers**
**Court No. 06 L 000024**

Margaret Schneider
Assistant Corporation Counsel
30 North LaSalle Street
Suite 800
Chicago, Illinois 60602
(312) 744-6071 – Margaret Schneider
(312) 744-7150 – Phone
(312) 744-1974 – Fax